**DISSENT and Opinion Filed March 6, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-01333-CV**

**IN RE BRUCE BISHOP, ASHLEY HUTCHESON, DALLAS COUNTY REPUBLICAN PARTY, AND MISSY SHOREY, Relators**

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-14298**

## OPINION DISSENTING FROM WITHDRAWAL OF OPINION

Before the Court En Banc
Dissenting Opinion by Justice Whitehill

Because the underlying suit has been dismissed with prejudice by the parties' agreement, the case is moot and we no longer have subject matter jurisdiction. *See Williams v. Lara*, 52 S.W.3d 171, 185 (Tex. 2001) (courts lack jurisdiction over moot claims); *In re Eui-Tak Shin*, No. 05-16-00277-CV, 2016 WL 3006311, at *1 (Tex. App.—Dallas May 23, 2016, orig. proceeding) (parties' settlement mooted mandamus proceeding). Therefore, the proper disposition is to vacate our prior judgment and dismiss the proceeding without reaching the merits. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 230 (Tex. 1993).

Instead, an en banc majority retreats from the panel opinion by withdrawing it and dismisses the case. Why withdraw the opinion unless it is to signal disapproval? But we lost subject matter jurisdiction to rule on the merits when the case became moot. Since we no longer have subject matter jurisdiction, the en banc court should not withdraw the panel opinion.

Accordingly, I dissent.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Bridges, J., joins this dissenting opinion

181333HD.P05